Argued October 5, reversed October 26, 1966

# MAGEE ET AL v. YAMHILL COUNTY, STATE LAND BOARD

## 419 P. 2d 420

*Mallory C. Walker,* Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs was Robert Y. Thornton, Attorney General of Oregon, Salem.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondents.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

O'CONNELL, J.

Plaintiffs bring these suits, consolidated for trial, to quiet title to two parcels of land which are claimed as accretions to plaintiffs' upland. The land in dispute is a gravel and silt formation which lies along the west bank of the Willamette river. The formation is commonly known as the Wheatland Ferry Bar. The defendants claim ownership on the ground that the land in dispute arose as an island from the bed of the Willamette river, a navigable stream, the title to the bed thus being vested in the state of Oregon. Defendants appeal from a decree in favor of plaintiffs.

We are convinced by defendants' evidence that the land in question came into existence through the formation of an island below the low water mark of the river adjacent to plaintiffs' land. No useful purpose will be served by identifying all of the evidentiary details which leads us to our conclusion. It is sufficient to point out generally the evidence which we deem controlling.

■ Plaintiffs contend that between 1861 and 1874 the Wheatland Ferry Bar began to form as a result of the deposit of gravel on the west bank of the river. Defendants' witness McReary, an engineer with expertise in hydraulics, was of the opinion that the ferry bar originated as a result of the action of the river currents in depositing gravel away from the bank of the river. The latter explanation is more reasonable, especially when coupled with the evidence showing a depression between the gravel formation and the cutbank representing a relic channel, the intervening silt formation, the growth pattern of the trees on the bar, and the testimony of eye witnesses describing the character of the bar at or near the time of its initial development, all of which leads to the conclusion that the land in dispute was not the product of an accretion to the upland but was rather an accretion to an island arising from the bed of the river below the low water mark.

■ Plaintiffs contend, however, that their predecessors in interest acquired title under the Act of 1874, pp. 76-77 which provided that the title "to any tide or overflowed lands upon * * * [the] Willamette River is hereby granted and confirmed to the owners of the adjacent lands * * *."[1] Plaintiffs argue that even if it is held that the ferry bar developed as an accretion to an island originally owned by the state, the purpose of the Act of 1874 was to perfect the title in those people who were actually using the river from the upland to navigable water. They point to the use of the term "overflowed lands" as evidence of that intent. Our previous cases have interpreted the Act to grant title only to land between the high and low water

[1] A similar grant was contained in the Act of 1876, pp. 69-70. Both Acts were repealed by the Act of 1878, pp. 41-55.

mark.[2] We believe that this is the most reasonable interpretation of the Act. The term "overflowed lands" is not descriptive of any established character of lands which could be identified as falling within the purpose of the Act. The land between high and low water mark, although sometimes difficult to identify, is ascertainable through the application of a relatively definite test. The fact that the grant was of "tide or overflowed lands" and further, that it was merely a proviso to an initial grant of title to tide lands suggests that the legislators had in mind lands which were covered and uncovered from time to time as a result of the regular rise and fall of the river either through the action of the tide or through the usual variations in the volume of non-tidal rivers.

The decree of the trial court is reversed.

---

[2] Dahl v. Clackamas County, 82 Or Adv Sh 397, 412 P2d 364 (1966); Freytag v. Vitas, 213 Or 462, 326 P2d 110 (1958).